966 F.2d 1459
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Ronald R. CICHOS, Appellant.
 No. 92-1035ND.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 12, 1992.
Filed: June 8, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Ronald R. Cichos was convicted of possessing a firearm and ammunition, while a convicted felon, and the District Court[1] sentenced him to twenty-five months in prison. The defendant appeals, and we affirm.
 
 
 2
 Cichos argues first that convicting him was a violation of the Due Process Clause of the Fifth Amendment. He relies on the terms of probation imposed upon him by a state court in California at the time of one of the previous convictions that were the predicate for the present offense. That court, he says, placed him on probation on the condition, among others, that he not possess concealable weapons. Because the firearm that is the basis of the present federal charge was not concealable, Cichos argues, the California state sentence, in effect, gave him a right to carry it. To prosecute him for an act that a California state court had assured him would be legal, he says, is fundamentally unfair.
 
 
 3
 We disagree. Among other things, Cichos was convicted of another crime in California, receiving stolen property, and the sentence for that crime contained no such exception for nonconcealable guns. Thus, even if Cichos's due-process argument has merit with respect to the California state conviction first mentioned, it would have to fail in the context of the present case. We note, in addition, that the order of probation imposed on Cichos at the time of the second conviction, in Placer County, California, required him to obey all laws. This would include, of course, the federal law forbidding possession of firearms by convicted felons.
 
 
 4
 Cichos also contests the sentence imposed on him, twenty-five months in prison. In computing the sentence, the District Court found that Cichos's proper offense level was fourteen. This level includes a two-level increase assessed under U.S.S.G. § 3C1.1, on the ground that Cichos "attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense...." We have examined the record in the instant case, and we hold that the evidence was sufficient to justify this enhancement. The District Court's findings of fact on this point are not clearly erroneous, nor did it commit any error of law.
 
 
 5
 Affirmed.
 
 
 
 [1]
 The Hon. Paul Benson, Senior United States District Judge for the District of North Dakota